## Commonwealth v. Cossell (No. 2)

*Adam Weil*, for plaintiff.
*Philip Warman*, for defendants.

ADAMS, *J.*, April 21, 1980—The County of Fayette and the Commonwealth of Pennsylvania have filed separate suits to enjoin defendants from continuing to use their land for the storage and recycling of junked motor vehicles.

The County of Fayette asserts that defendants' use is prohibited under the Fayette County Zoning Ordinance, which classifies the land as M-1, a light industrial zone. The Commonwealth of Pennsylvania's position is that defendants' use is violative of the highway beautification act, Act of July 28, 1966, P.L. (Spec. Sess. No. 3) 91, 36 P.S. §2719.1 et seq.

Defendants do not deny that an auto recycling or "junkyard" such as the one they operate is prohibited under the above enactments. It is the contention of defendants, however, that a nonconforming use was established on defendants' premises prior to the effective date of either the ordinance or the highway beautification act, and therefore as a nonconforming use they may continue their present operation.

The court agrees with defendants' position and will deny the requested relief.

## FINDINGS OF FACT

1. In January 1978 (Deed Book Volume 1229, page 595) defendants purchased a tract of land fronting on United States Route 119 and have used the premises as an automobile recycling operation.

2. The owner of the property adjoining defendants' tract is Lawrence Rose. Since the 1950's, Rose has owned and operated on his tract of land a similar operation.

3. Since 1964, Rose has used a significant portion (at least 40 percent) of defendants' tract of land for the purpose of storing junk cars, radiators and other automobile parts.

4. Rose's use of the property in question was uninterrupted from 1964 until defendants' purchase of the property in 1978. Said use was neither casual nor ever abandoned during that period of time.

## DISCUSSION

After a hearing on the matter and a view of the premises by the court it is clear that since 1964 Lawrence Rose, who was operating his own junkyard, continuously encroached upon the subject premises for the storage of junked automobiles. There is no question that since 1964 part of a junkyard operation has been conducted upon defendants' premises. The real issue in this matter is does this use of the premises by Rose establish a valid nonconforming use?

The Fayette County Court en banc has determined that in deciding whether a nonconforming use has been established, it is immaterial whether the occupier of the land at the time said use was established was a trespasser. The right to continue a nonconforming use, once established and not abandoned, runs with the land and this right is not confined to any one individual or corporation. It is a vested right which continues in the land: Eitnier v. Kreitz Corporation, 404 Pa. 406, 412, 172 A. 2d 320 (1961). There is no question that one purchasing a tract with a nonconforming business upon it may continue operation of said business.

In our situation, defendants purchased a tract upon which a junkyard was operated. Junkyard operations were commenced by Rose antecedent to

the effective date of either the zoning ordinance in question or the highway beautification act. This was a lawful use of the property and a valid nonconforming use. Defendants had the the right upon purchase of the premises to continue the "junk" business.

In the instant case defendants purchased a tract of land, a significant portion of which was being utilized for the storage of junk automobiles. Since 1978 defendants have attempted to convert their premises from one which merely stored junked automobiles and parts into a modern automobile recycling center. In Peirce Appeal, 384 Pa. 100, 105, 119 A. 2d 506 (1956), the Pennsylvania Supreme Court stated:

"The clear implication of our decision in Humphreys v. Stuart Realty Corporation, 364 Pa. 616, 621, 73 A. 2d 407 is that a nonconforming use may be extended in scope, as the business increases in magnitude, over ground occupied by the owner for the business at the time of the enactment of the zoning ordinance. As our present Chief Justice pertinently stated in the Humphreys case, supra, 'a non-conforming use cannot be limited by a zoning ordinance to the precise magnitude thereof which existed at the date of the ordinance; it may be increased in extent by natural expansion and growth of trade, neither is it essential that its exercise at the time the ordinance was enacted should have utilized the entire tract upon which the business was being conducted.'" (Citations omitted.)

The court is satisfied that defendants are involved in the natural expansion of a prior nonconforming use.

The Commonwealth of Pennsylvania, Department of Transportation, argues that the Cossells'

junkyard violates the highway beautification act in that it is within 1,000 feet of United States Route 119. The pertinent provisions of the act are as follows, 36 P.S. §2719.3:

"Section 2719.3 Restrictions; license

"No person shall establish, maintain, use or operate a junkyard, or automotive dismantler and recycler any portion of which is within one thousand feet of the nearest edge of the right-of-way of a highway, without having obtained a valid license therefor from the secretary. . .

"Section 2719.4 Exceptions to licensing requirements

"No license shall be granted for the establishment, maintenance, use or operation of a junkyard, or automobile dismantler and recycler within one thousand feet of the nearest edge of the right-of-way of any highway except the following: (a) junkyards and automotive dismantlers and recyclers which are lawfully in existence prior to January 1, 1967."

In substance, the issue the Commonwealth of Pennsylvania, Department of Transportation, raises is whether the junkyard was lawfully in existence prior to January 1, 1967. The Commonwealth agrees that the act is not retroactive.

The highway beautification act does not define the term "lawfully in existence." We have previously held that a junkyard was operated on the subject premises since at least 1964. On the effective date of the act that was a lawful use of the property. The only restriction the act places upon defendants is that they must obtain a license pursuant to section 2719.3. Since defendants' premises falls within the ambit of one of the exceptions enumerated in section 2719.4, the secretary must grant

said license. Therefore, instead of enjoining defendants from further operation of their automobile recycling center, at this time the court feels the appropriate relief should be an order requiring defendants to acquire the necessary license.

## CONCLUSIONS OF LAW

1. A junkyard has been operated upon the premises now owned by defendants since 1964 and is a valid nonconforming use.

2. Said junkyard was lawfully in existence prior to the effective date of the highway beautification act and prior to the enactment of the Fayette County ordinance.

3. The automobile recycling center currently operated by defendants was the natural expansion of a valid nonconforming use.

4. Under the highway beautification act in order to maintain their automobile recycling center defendants must acquire a license from the secretary of transportation.

## DECREE NISI

And now, April 21, 1980, it is hereby ordered, adjudged and decreed that plaintiff's complaint in equity seeking an injunction against defendants' operation of a junkyard is hereby dismissed. Defendants within 30 days of the filing of this order shall apply for the necessary licenses for continuation of their business.

This decree shall be entered by the prothonotary of Fayette County as a decree nisi and shall become the final decree of the court unless exceptions are filed thereto within 10 days from this date.